IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEMETRIUS ROBINSON, ) <br> ) <br> Defendant. ) | Case No. 2:21-cr-20096-JPM-1 |

**ORDER OVERRULING DEFENDANT'S OBJECTIONS**

Before the Court is Defendant Demetrius Robinson's Amended Position with Regard to Objections, Corrections, and/or Additions to the Presentence Report, filed on September 12, 2022. (ECF No. 53.) Defendant "objects to application of the enhanced penalty provided under the Armed Career Criminal Act, 18 U.S.C. § 924(e)." (Id. at PageID 203.) He argues that the Armed Career Criminal Act's ("ACCA") "'occasions different' clause demands a resolution of underlying facts of prior convictions, not legal elements," and therefore must be determined by a jury. (Id. at PageID 180.) Defendant also argues that the "occasions different" clause is void for vagueness, and that the rule of lenity should be applied in the instant case. (Id. at PageID 178.)

A hearing was held on September 21, 2022, at which the Parties agreed to further brief the ACCA issue. (ECF No. 56.) The United State of America ("the Government") filed a Supplemental Position with Respect to Sentencing on October 21, 2022. (ECF No. 59.) The Government concurs that the "occasions different" determination must be made by a jury. (Id. at PageID 237.)

Defendant moved for two extensions to file a memorandum (ECF Nos. 60, 63), each of which the Court granted (ECF Nos. 61, 66). Defendant filed a supplemental memorandum on December 22, 2022. (ECF No. 69.) An initial hearing was held on the instant filing on February 15, 2023. (ECF No. 72.) An additional hearing was held on the instant filing on March 14, 2023. (ECF No. 74.)

For the reasons set forth below, Defendant's Objections are **OVERRULED**.

I.   BACKGROUND

On May 13, 2021, a federal grand jury returned an indictment charging Defendant with one count of knowingly possessing of a firearm while having been previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) Defendant pled guilty to the single count on October 8, 2021. (ECF No. 25.)

The assigned United States Probation Officer filed a final Presentence Investigation Report ("PSR") on January 18, 2022. (ECF No. 36.) The final PSR indicated that Defendant "is an armed career criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)[, the ACCA]." (Id. at PageID 78.) Defendant filed an initial Position with Regard to Sentencing Factors on March 3, 2022. (ECF No. 43.) Defendant did not object to his characterization as an armed career criminal at that time. (See generally id.)

Defendant filed the instant Amended Position on September 12, 2022. (ECF No. 53.) In that document, Defendant objects to his characterization as an armed career criminal. (Id. at PageID 178.) He argues that "at least two robberies, if not all three, arguably fall under the umbrella of a single 'occasion.'" (ECF No. 69 at PageID 240.)

The dates of two of Defendant's predicate offenses are incorrectly listed as having occurred in 2016, not 2015, in two locations in the charging documents. (ECF No. 69-3 at PageID 274; ECF No. 69-2 at PageID 268.) The date of one of Defendant's offenses is also incorrectly listed as having occurred on September 22, 2015, not September 21, 2015, in another location in the charging documents. (ECF No. 69-2 at PageID 270.) As a result, the dates in the PSR are incorrect. (ECF No. 36 ¶¶ 32–34.) Neither Defendant not the Government objected to this factual error in the PSR in their Positions regarding the PSR. (ECF No. 42 at PageID 143; ECF No. 43 at PageID 145–46.) Both Defendant and the Government also failed to object to this factual error in their Amended Positions. (ECF No. 53 at PageID 177; ECF No. 55 at PageID 194.) Additionally, both Defendant and the Government failed to object to this factual error in their supplemental filings regarding the PSR. (See generally ECF Nos. 55, 59, 69.) Information about Defendant's three predicate offenses, all robberies, along with the locations in which that information is incorrect, follows:

| Indictment Number | Victim(s) | Date of Offense | Investigating Entity | Location of Offense |
|---|---|---|---|---|
| 16-05985[1] | Spencer Howery[2] | September 14, 2015[3] | University of Memphis Police[4] | University of Memphis[5] |
| 16-05986[6] | Forrest Renshaw[7] | September 21, 2015[8] | University of Memphis Police[9] | University of Memphis Campus[10] |
| 16-01396[11] | Tykiere Walker and Atyrion Walker[12] | September 21, 2015[13] | Memphis Police Department[14] | "[N]orthbound at Felonia"[15] |

---

[1] ECF No. 69-3 at PageID 273.  This document, the charging document, lists the victim as Spencer Howery but dates the incident to "September 14, 2016" in one location.  (Id. at PageID 274.)  This charging document dates the incident to "9/14/15" in another location.  (Id. at PageID 275.)  This charging document also lists the arrest date for the incident as "10/5/15."  (Id.)

[2] ECF No. 69-3 at PageID 274.

[3] This date is erroneously listed as "September 14, 2016" in the PSR.  (ECF No. 36 ¶ 33.)  The plea colloquy confirms that the incident in which the victim was Spencer Howery occurred on September 14, 2015.  (ECF No. 69-1 at PageID 259.)

[4] ECF No. 69-3 at PageID 273.

[5] Defendant stipulated to the factual basis of this offense, including its location, in his plea colloquy.  (ECF No. 69-1 at PageID 259.)

[6] ECF No. 69-4 at PageID 278.  This document, the charging document, lists the victim as Forrest Renshaw but dates the incident to "September 21, 2016" in one location.  (Id. at PageID 279.) This charging document dates the incident to "9/21/15" in another location.  (Id. at PageID 280.)  This charging document also lists the arrest date for the incident as "10/5/15."  (Id.)

[7] ECF No. 69-4 at PageID 279.

[8] This date is erroneously listed as "September 21, 2016" in the PSR.  (ECF No. 36 ¶ 34.)  The plea colloquy confirms that the incident whose indictment number is 16-05986, which happened in the vicinity of the University of Memphis, occurred on September 21, 2015.  (ECF No. 69-1 at PageID 259.)

[9] ECF No. 69-4 at PageID 278.

[10] Defendant stipulated to the factual basis of this offense, including its location, in his plea colloquy.  (ECF No. 69-1 at PageID 259.)

[11] ECF No. 69-2 at PageID 267. This document, the charging document, lists the victims as Tykiere Walker and Atyrion Walker, and dates the incident to September 21, 2015.  (Id. at PageID 268–69.)  The charging document dates the incident to "9/22/15" in another location.  (Id. at PageID 270.)  The plea colloquy confirms that the incident in which the victims were Tykiere and Atyrion Walker occurred on September 21, 2015.  (ECF No. 69-1 at PageID 255.)

[12] ECF No. 69-2 at PageID 268.

[13] This date is erroneously listed as "September 22, 2015" in the PSR.  (ECF No. 36 ¶ 32.)  The plea colloquy confirms that the incident in which the victims were Tykiere and Atyrion Walker occurred on September 21, 2015.  (ECF No. 69-1 at PageID 255.)

[14] ECF No. 69-2 at PageID 267.

[15] Defendant stipulated to the factual basis of this offense in his plea colloquy.  (ECF No. 69-1 at PageID 259.)  Defendant himself was not addressed with the location of the robbery by the state prosecutor when he pled guilty to this offense.  (See generally id.)  The location of the robbery was only noted when Defendant's co-conspirator pled guilty.  (Id. at PageID 255.)

Defendant's statutory minimum sentence, if he is found to be an armed career criminal, is 15 years. 18 U.S.C. § 924(e)(1). Without the ACCA's sentencing enhancement, his statutory maximum sentence is 10 years. 18 U.S.C. § 924(a)(2).

## II. LEGAL STANDARD

The ACCA imposes a mandatory 15-year minimum sentence on offenders who have at least three prior violent felony convictions. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony," relevantly, as any crime punishable by a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." See 18 U.S.C. § 924(e)(2)(B)(i). The phrase "physical force" means "force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010).

The Supreme Court has held that, to apply the ACCA's sentencing enhancement, predicate offenses must be determined to have occurred on "different occasions." Wooden v. United States, 142 S. Ct. 1063 (2022). Sentencing judges may impose a sentencing enhancement based on the fact of a prior conviction. See Almendarez-Torres v. United States, 523 U.S. 224 (1998). Judges may not find non-elemental facts about a prior conviction during sentencing. See, e.g., Descamps v. United States, 570 U.S. 254, 270 (2013). The determination of non-elemental facts must be reserved to a jury under the "Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment." Apprendi v. New Jersey, 530 U.S. 466, 476 (2000). There is some authority suggesting that the determination that predicate offenses under the ACCA occurred on "different occasions" is a non-elemental fact. See, e.g., Wooden, 142 S.Ct. at 1087 n.7 (Gorsuch, J., concurring in the

5

judgment); United States v. Dudley, 5 F.4th 1249, 1273–78 (11th Cir. 2021) (Newsom, J., concurring in part and dissenting in part).

### III.    ANALYSIS

*A. The "Occasions Different" Determination Regarding Defendant's ACCA Offenses Need Not be Made by a Jury*

Both the United States and the Defendant advance the position that the Court should not make a determination as to whether Defendant's three predicate felony convictions qualify for the ACCA's sentencing enhancement. (See ECF No. 69 at PageID 227; see also ECF No. 59 at PageID 199.) The Parties argue that a jury should properly make this finding. (See ECF No. 69 at PageID 227; see also ECF No. 59 at PageID 199.)

The Sixth Circuit has held, post-Wooden, that judges may still make the "occasions different" finding for the purposes of the ACCA. United States v. Belcher, No. 21-5414, 2022 WL 2682106, at *2 (6th Cir. July 12, 2022); see also United States v. Cook, No. 22-5056, 2022 WL 4684595, at *2 (6th Cir. Oct. 3, 2022) (stating that Wooden "doesn't alter [the] conclusion" that a sentencing judge may answer the question of whether predicate offenses were committed on separate occasions). For this reason, the Court may make a determination regarding the "occasions different" finding.

Defendant argues that, in the instant case, his predicate offenses

> "were arguably close in time (and in two instances on the very same day), arguably close in location, arguably similar in that they shared the same scheme or purpose, arguably similar in the methods that were used to carry out the offense, and sufficiently intertwined based on all relevant considerations so that at least two robberies, if not all three, arguably fall under the umbrella of a single "occasion."

(ECF No. 69 at PageID 240.) He describes the instant objection as an "as-applied" challenge. (Id. at PageID 235.)

6

The law in this circuit does not hold that clear ACCA predicate offenses may be determined by a Judge while close calls must be sent to a jury. Rather, "the date of commission" of an offense is "so basic as to be implicit in the fact of a prior conviction." United States v. Johnson, 440 F.3d 832, 848 (6th Cir. 2006). Judges may make "occasions different" findings for the purposes of the ACCA. Belcher, 2022 WL 2682106 at *2.

*C. Sufficiency of the Indictment*

Defendant argues that the indictment was insufficient because it did not address whether his predicate offenses for the purposes of sentencing enhancement under the ACCA occurred on different occasions. (ECF No. 69 at PageID 243–44.) The Government "concedes that the indictment should allege" those facts. (ECF No. 59 at PageID 203.) The Government asserts that the ACCA was considered strictly a penalty provision before Wooden, which "simply authorize[d] the court to increase the sentence for a recidivist" and therefore did not need to be charged in the indictment. Almendarez-Torres, 523 U.S. at 226. The Government argues that Wooden requires factual inquiries be resolved to apply a sentence under the ACCA, so a jury determination is required to cure this defect in the indictment. (ECF No. 59 at PageID 206.) However, the Government also notes that "Defendant had notice that the ACCA would apply" because the potential penalties for an armed career criminal were laid out in his indictment, and Defendant was also provided with "a copy of his criminal history in the discovery, which contained certified copies of his judgment sheets for qualifying convictions." (Id. at PageID 205; ECF No. 2 at PageID 3.)

Under the Fifth Amendment, a defendant has a "'substantial right to be tried only on charges presented in an indictment returned by a grand jury.'" United States v. Miller, 471 U.S.

7

130, 140 (1985) (quoting Stirone v. United States, 361 U.S. 212, 217 (1960)). An indictment that does not set out all the essential elements of the offense charged is defective. See, e.g., id. at 143 ("[A] court cannot permit a defendant to be tried on charges that are not made in the indictment against him" (quoting Stirone, 361 U.S. at 217)).

The Sixth Circuit has held that "the date of commission" of an offense is "so basic as to be implicit in the fact of a prior conviction." Johnson, 440 F.3d at 848. For that reason, "a sentencing judge may answer the question of whether prior offenses were committed on occasions different from one another." Cook, 2022 WL 4684595, at *1 (quoting United States v. Williams, 39 F.4th 342, 351 (6th Cir. 2022)). Defendant's argument that such facts "should have been charged in the indictment" lacks merit under this circuit's precedent. Id.

*D. The ACCA's "occasions different" clause is not void for vagueness*

Defendant argues that the ACCA's "occasions different" clause is unconstitutionally vague. (ECF No. 53 at PageID 178.) This circuit has found that the "occasions different" clause is not unconstitutionally vague, and other circuits concur. See United States v. Jenkins, 770 F.3d 507, 510 (6th Cir. 2014); see also United States v. Jones, No. 20-11841, 2022 WL 1763403, at *3 (11th Cir. June 1, 2022) (collecting cases).

*E. The Court declines to apply the rule of lenity*

Defendant argues that the Court should apply the rule of lenity in the instant case. (ECF No. 53 at PageID 186.) He contends that the ACCA "contains little guidance" and therefore "reasonable doubts about its application will often arise and should be resolved in favor of liberty." (Id. at PageID 188–86) (citing Wooden, 142 S. Ct. at 1087 (Gorsuch, J. concurring)).

The Court may look to the timing of the predicate offenses, their proximity, their character, and the relationship between them, as set out in the Shepard documents (see Infra,

8

III.E), to determine whether they occurred on different occasions. See Wooden, 142 S. Ct. at 1070; Shepard v. United States, 544 U.S. 13, 26 (2005).

> Here . . . the ACCA's definitions provide the substance by which the court can readily determine if [Defendant's] convictions are predicate offenses—there is no 'grievous ambiguity or uncertainty in the language and structure of the Act' required to invoke the rule of lenity.

United States v. Eason, 919 F.3d 385, 392 (6th Cir. 2019) (citing Chapman v. United States, 500 U.S. 453 (1991)) (abrogated on other grounds by United States v. Fields, 53 F.4th 1027, 1045 (6th Cir. 2022)). Whether or not Defendant's predicate offenses occurred on different occasions is "so basic as to be implicit in the fact of a prior conviction." Johnson, 440 F.3d at 848.

*E. The Court May Examine the Shepard Documents to Determine Whether Defendant's Predicate Offenses Occurred on Different Occasions*

The Supreme Court has held that a district court "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" in considering whether the factual basis for a plea qualifies an offense as an ACCA predicate. Shepard, 544 U.S. at 26. The Supreme Court has found that a court can also look to "charging paper[s] and jury instructions" in examining the elements of prior convictions. Taylor v. United States, 495 U.S. 575, 602 (1990).

"When a federal district court is tasked with determining whether a defendant's prior offenses were 'committed on occasions different from one another' as that phrase is used in the ACCA," it is "restricted to using only the evidentiary sources approved in" Taylor and Shepard. United States v. King, 853 F.3d 267, 269 (6th Cir. 2017). This rule "created no limitation on a sentencing court's consideration of non-elemental facts contained within

9

Shepard documents." United States v. Hennessee, 932 F.3d 437, 442 (6th Cir. 2019).  The Government must prove, through Shepard documents, the following to support a finding that predicate offenses occurred on different occasions: (1) "it is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins"; (2) "it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense"; or (3) "the offenses [were] committed in different residences or business locations." United States v. Jones, 673 F.3d 497, 503 (6th Cir. 2012) (quoting United States v. Hill, 440 F.3d 292, 297–98 (6th Cir. 2006)).

Shepard-approved documents can be insufficient to support a finding that a defendant is an armed career criminal due to errors.  See United States v. Cash, 306 F. Supp. 3d 1023, 1028 n. 8 (E.D. Tenn. 2018) ("A state-court clerk's error in entering offense dates, for example, unchecked by the adversarial process, cannot support an ACCA mandatory-minimum sentence in a manner satisfying the Sixth Amendment.")  Similarly, "if the Shepard-approved documents before a district court are equivocal as to whether the offenses occurred on the same occasion, the ACCA does not apply." Kirkland v. United States, 687 F.3d 878, 888–89 (7th Cir. 2012).

However, district courts regularly cross-reference different Shepard-approved documents to cure errors or ambiguities.  See Cash, 306 F. Supp. 3d 1023 (holding that Shepard-approved documents supported a finding that a defendant was an armed career criminal because, although the indictments had blank dates, they did name two locations that were robbed and those separate locations were confirmed in the plea colloquy); see also United States v. Southers, 866 F.3d 364, 370 (6th Cir. 2017) (holding that indictments

showing two separate locations of predicate robberies, confirmed by a plea colloquy, were sufficient to support a "different occasions" finding).

*F. The Court's ACCA Finding*

In the instant case, the Court may cross-reference the charging documents and plea colloquy to determine whether the predicate offenses were committed on different occasions from one another. Defendant did stipulate to the factual basis underlying his state court guilty pleas. (ECF No. 69-1 at PageID 259.) The Court may therefore look to the facts set out in the plea colloquy. See, e.g., United States v. McMurray, 653 F.3d 367, 380 n. 10 (6th Cir. 2011), abrogated on other grounds, Voisine v. United States, 579 U.S. 686 (2016) ("The plea agreement, plea colloquy, or other Shepard documents may demonstrate that a defendant . . . did admit to the factual basis underlying the plea"); see also Shepard, 544 U.S. at 25 (noting that a court may consider a "defendant's own admissions or accepted findings of fact confirming the factual basis for a valid plea").

One of Defendant's predicate offenses occurred on September 14, 2015, seven days before the other predicate offenses. "Courts . . . have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart." Wooden, 142 S. Ct. at 1071. The Court can cross-reference the Shepard-approved documents to confirm that this predicate offense occurred seven days prior to the other two. The year of the offense is listed incorrectly in one location in the charging document. (ECF No. 69-3 at PageID 274.) However, it is correct in a second location on the same document and the date of the offense is confirmed in the plea colloquy. (Id. at PageID 275; ECF No. 69-1 at PageID 259.) The Court can also confirm that Spencer Howery is listed as the victim in both the charging document and plea colloquy to further corroborate the dates. (ECF No. 69-3 at

PageID 274; ECF No. 69-1 at PageID 259.) The Court therefore determines that this predicate offense occurred on a different occasion than the other two.

One of Defendant's predicate offenses occurred on September 21, 2015. The year of the offense with indictment number 16-05986 ("16-05986") is listed incorrectly at one location in the charging document. (ECF No. 69-4 at PageID 279.) However, the charging document dates the incident to "9/21/15" in another location. (Id. at PageID 280.) The charging document lists the University of Memphis Police as the investigating entity. (Id. at PageID 278.) The plea colloquy confirms that 16-05986, which happened in the vicinity of the University of Memphis, occurred on September 21, 2015. (ECF No. 69-1 at PageID 259.)

Another one of Defendant's offenses also occurred on September 21, 2015. The day of the offense with indictment number 16-01396 ("16-01396") is listed incorrectly in one location in the charging document. (ECF No. 69-2 at PageID 270.) However, two other locations in the charging document date that robbery to September 21, 2015. (ECF No. 69-2 at PageID 268–9.) The charging document lists the victims in that incident as Tykiere Walker and Atyrion Walker. (Id.) The plea colloquy confirms that 16-01396, whose victims were Tykiere and Atyrion Walker, occurred on September 21, 2015. (ECF No. 69-1 at PageID 259.)

The Court therefore determines that two of Defendant's predicate offenses, 16-05986 and 16-01396, occurred on September 21, 2015. The Court employs the Paige test to determine whether these two offenses were committed on different occasions. United States v. Paige, 634 F.3d 871, 873 (6th Cir. 2011). Paige held that predicate offenses occurred on different occasions if

> (1) it is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins; (2) it would have been possible

>for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense; or (3) the offenses are committed in different residences or business locations.

Hennessee, 932 F.3d at 444 (citations and quotation marks omitted). The offenses were similar, robberies of cell phones. (Id.) 16-05986 occurred at approximately 2:38 p.m. (Id.) There is no indication of the timing of 16-01396. Additionally, 16-05986 occurred at the University of Memphis. (Id.) While 16-01396 is noted in the plea colloquy as having occurred on "Felonia," a location in Shelby County, Tennessee, there is no thoroughfare in the county by that name. (Id. at PageID 255, 259.)

However, there is sufficient information in the Shepard-approved documents for the Court to conclude that 16-05986 and 16-01396 occurred on separate occasions for the purposes of the ACCA. 16-05986 occurred on the University of Memphis campus. (Id. at PageID 259.) 16-05986 was investigated by the University of Memphis police. (ECF No. 69-4 at PageID 278.) 16-01396, on the other hand, did not occur on the University of Memphis campus. It was not investigated by University of Memphis police but by the Memphis Police Department. (ECF No. 69-2 at PageID 267.) The identities of the victims were also different. (ECF No. 69-4 at PageID 279; ECF No. 69-2 at PageID 268.) That the predicate offenses were "committed against different victims, in different locations" leads the court to the conclusion that these offenses occurred on separate occasions. Hennessee, 932 F.3d at 445. These robberies were not crimes that occurred "at the same place—making up . . . 'a single criminal episode,'" but occurred in separate locations and therefore on separate occasions. Wooden, 142 S. Ct. at 1074.

13

## IV.     CONCLUSION

For each of the reasons set forth above, Defendant's Objections are **OVERRULED**.

**SO ORDERED**, this 15th day of March, 2023.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE
